UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SCOTTSDALE INSURANCE COMPANY

    Plaintiff,

vs.

CASE NO.: _____

IEM SERVICES, INC., MADASAMY
AROCKIASAMY AND I&G DIRECT
REAL ESTATE 14, L.P.

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Scottsdale Insurance Company ("Scottsdale"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, hereby seeks Declaratory Judgment against IEM Services, Inc. ("IEM"), Madasamy Arockiasamy ("Arockiasamy") and I&G Direct Real Estate 14, LP ("I&G") for the purpose of determining a question of actual, immediate controversy between the parties.

## PARTIES

1. At all pertinent times, Scottsdale was, and still is, a corporation organized and existing under the laws of the state of Ohio, with its principal place of business in Scottsdale, Arizona.

2. Upon information and belief, at all pertinent times, I&G ("the Underlying Plaintiff") was the owner of real property in Palm Beach County, Florida.

1

PD.4009507.1

3. Upon information and belief, at all pertinent times, IEM was a corporation organized and existing under the laws of the state of Florida, doing business in Palm Beach County, Florida.

4. Upon information and belief, at all pertinent times, Arockiasamy, the president of IEM, was a professional engineer residing in Palm Beach County, Florida.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims asserted below occurred within this judicial district.

## NATURE OF THE CLAIM

7. This is an action for Declaratory Judgment pursuant to 28 U.S.C. §2201 for the purpose of construing and interpreting the terms of an insurance contract and for a determination of the rights and obligations, if any, of the parties arising from an insurance contract issued by Scottsdale to IEM. An actual controversy exists regarding the issue of coverage under the insurance policy.

## GENERAL ALLEGATIONS

8. The Underlying Plaintiff has filed suit against IEM in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida ("Underlying Action"). (A true and correct copy of the Complaint is attached hereto as Exhibit "A.")

9. The Underlying Plaintiff alleges that it was and is the owner of real property located at 625 N. Flager Drive, West Palm Beach, Florida (the "Project").

10. According to the Complaint, on or about November 6, 2007, the Underlying Plaintiff entered into a contract with IEM, a professional engineering company, to design shoring systems for use in a column repair work at the Project.

11. The Underlying Plaintiff asserts that on September 9, 2008, the shoring system failed during column repairs, resulting in a drop of the building in the area of the shoring.

12. The Underlying Plaintiff claims that the failure of the shoring system was a breach of the contract between I&G and IEM, because IEM's design failed to properly support the load as necessary.

13. In addition, I&G asserts a claim for professional negligence against both IEM and Arockiasamy because they deviated from the standard of care by negligently designing the shoring system and/or negligently providing technical support and related services in the erection of the shoring system.

14. Scottsdale agreed to defend IEM and Arockiasamy in connection with the Underlying Action subject to a full reservation of rights.

15. Scottsdale issued a reservation of rights letter to IEM and Arockiasamy dated October 26, 2009 regarding the Underlying Action. Scottsdale specifically reserved the right to deny coverage based on the absence of a claim for "bodily injury" or "property damage" caused by an "occurrence" as well as the Faulty Work/Business Risk exclusions. (A true and correct copy of the October 26, 2009 reservation of rights letter is attached hereto as Exhibit "B.")

16. On May 25, 2010, Scottsdale issued a supplemental reservation of rights letter, which, in addition to reiterating the grounds asserted in its previous letter, reserved rights under the Exclusion – Engineers, Architects or Surveyors Professional Liability Endorsement

(Architects Exclusion). (A true and correct copy of the May 25, 2010, 2010 reservation of rights letter is attached hereto as Exhibit "C.")

## THE POLICY

17. Scottsdale Insurance Company issued Policy No. CLS1428470 (the "Policy") issued to IEM for the period November 20, 2007 to November 20, 2008. The Policy provides commercial general liability coverage subject to certain terms, conditions, limitations and exclusions. (A true and correct copy of the Policy is attached hereto as Exhibit "D.")

18. Section II – Who Is An Insured 1(d) provides that IEM's "executive officers" and directors are insured, "but only with respect to their duties as [IEM's] officers or directors.

19. The Insuring Agreement of Coverage A "Bodily Injury or Property Damage Liability" provides that Scottsdale "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which the insurance applies."

20. According to the Policy, the term "bodily injury" means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

21. According to the Policy, the term "property damage" means "physical injury to tangible property, including all resulting loss of use of that property ... or loss of use of tangible property that is not physically injured."

22. The Insuring Agreement also requires that the "bodily injury" or "property damage" be caused by an "occurrence." The term "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

23.     The Policy is also subject to Exclusion – Engineers, Architects or Surveyors Professional Liability Endorsement ("Architects Exclusion"), which precludes coverage for bodily injury or property damage "arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity." The endorsement provides that "professional services" "include … the preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and … supervisory, inspection, architectural or engineering activities."

## COUNT I – DECLARATORY RELIEF

24.     The allegations of Paragraphs 1-23 are incorporated by reference herein.

25.     Scottsdale seeks a judgment declaring the rights and duties of Scottsdale, IEM, Arockiasamy and I&G relative to an actual, present and existing controversy between Scottsdale and IEM as to the existence of Scottsdale's defense and indemnity obligations under the Policy, if any, for the Underlying Action.

26.     The Policy provides that IEM's executive officers and directors are insureds, but only with respect to their duties as officers or directors.

27.     Arockiasamy has not been sued with respect to his duties as officer or director of IEM.

28.     Scottsdale contends Arockiasamy is not an insured under the Policy.

29.     The Policy provides coverage for sums the insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence."

30. Scottsdale contends the Underlying Action does not allege "property damage" as that term is defined in the Policy.

31. The Policy's Exclusion – Engineers, Architects or Surveyors Professional Liability Endorsement precludes coverage for bodily injury arising out of the rendering of or failure to render professional services by IEM or any engineer, architect or surveyor working for or performing work on behalf of IEM.

32. The claims and damages alleged in the Underlying Action arise out of the rendering of or failure to render professional services by IEM and/or Arockiasamy.

33. Scottsdale contends the claims and damages alleged in the Underlying Action are excluded from coverage by the Exclusion – Engineers, Architects or Surveyors Professional Liability Endorsement.

34. Scottsdale contends it has no duty to defend IEM or Arockiasamy in connection with the Underlying Action.

35. Scottsdale contends it has not duty to indemnify IEM or Arockiasamy for the claims and damages alleged in the Underlying Lawsuit.

36. In addition to the foregoing provisions, Scottsdale pleads all other conditions, terms, warranties, limits, definitions and exclusions of the Policy that may also be found to be applicable as Scottsdale's investigation of this matter continues, and reserves the right to amend its Complaint for Declaratory Relief as additional and/or more specific information becomes available.

WHEREFORE, Scottsdale respectfully requests that this Court enter a judgment declaring that IEM and Arockiasamy are not entitled to a defense or indemnity under the Policy

in connection with the Underlying Action. Scottsdale further respectfully requests that this Court award such further relief as it deems necessary and proper, including but not limited to, an award of costs to Scottsdale.

Dated this **August 17, 2010.**

                              Respectfully submitted,

                              **PHELPS DUNBAR LLP**

                              _/s/_

                              Patricia A. McLean, Esq.
                              Fla. Bar No. 129143
                              mcleanp@phelps.com
                              Bridget Remington, Esq.
                              Fla. Bar No. 660051
                              remingtb@phelps.com
                              100 South Ashley Drive - Suite 1900
                              Tampa, Florida 33602-5311
                              (813) 472-7550
                              (813) 472-7570 (FAX)